IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ANDREW WOLF, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),<br><br>*Plaintiffs*,<br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>*Defendant*. | Civil Action No.  1:16-cv-274<br><br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

## I. PRELIMINARY STATEMENT

1. Andrew Wolf (collectively, "Plaintiffs") brings this collective action individually, on behalf of those similarly situated, and as a class action on behalf of the proposed Rule 23 Class Members ("Rule 23 Class Members") to recover overtime compensation from their current and/or former employer Schlumberger Technology Corporation ("Defendant").

2. Defendant has been involved in oilfield inspection services throughout the United States over the last three years. Defendant employs inspectors to perform oilfield inspection services ("Inspectors"), but fails to provide them proper overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

3. Defendant pays Plaintiff and other inspectors primarily on a hybrid hourly and commission basis.

4. Defendant has violated the FLSA by failing to compensate Plaintiff and other inspectors at the legally required overtime rate. Specifically, Defendant failed to compensate Plaintiff and other inspectors at a rate of one-and-a-half times their regular rate, inclusive of both

hourly and commission pay, for all hours worked during their employment ("Overtime Miscalculation Policy").

5. Moreover, Defendant failed to accurately track or count the hours worked by Plaintiff and inspectors when they earned commissions and as a result underreported the amount of overtime worked by Plaintiff and other Inspectors ("Uncounted Hours Policy").

6. Plaintiffs file this collective and class action lawsuit pursuant to the FLSA; North Dakota Century Code 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01 et seq.) (collectively "North Dakota Wage Law").

## II. PARTIES

7. Plaintiff Andrew Wolf worked as a Quality Control Inspector for Defendants in Wyoming and North Dakota during the relevant statutory periods. He attached his consent to this Complaint.

8. Plaintiff brings this action individually and on behalf of those similarly situated ("FLSA Class Members") pursuant to the FLSA. The FLSA Class Members consist of Defendant's current and former quality control inspectors, tool inspectors, non-destructive testing inspectors, and individuals holding comparable positions with different titles (collectively, "Inspectors") who received commission pay who worked for Defendant over the past three years.

9. Plaintiff also brings this action as a Rule 23 Class action on behalf of all Inspectors who worked in or out of North Dakota who received commission pay in the two years prior to the filing of this Complaint ("Rule 23 Class Members"). At all relevant times, Plaintiff and the Rule 23 Class Members were Defendant's "employees" within the meaning of North Dakota Wage Law.

10. Defendant Schlumberger Technology Corporation is a Texas corporation that can be served through its registered agent, National Registered Agents, Inc. at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

12. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

13. Venue is proper in the District Court of North Dakota because a substantial portion of the events forming the basis of this suit occurred in this District.

### IV. COVERAGE FACTS

14. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

15. At all times hereinafter mentioned, Defendant was an employer or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and North Dakota Wage Law.

16. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

17. Defendant operates or has operated in interstate commerce, by among other things, dispatching labor and equipment to all oil producing States within the United States.

### V. FACTUAL ALLEGATIONS

18. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated.

19. Defendant has been involved in oilfield services in oilfields throughout the United States over the last three years.

20. Plaintiff and the FLSA Class Members routinely worked in excess of 40 hours per workweek, but were not paid in compliance with the Fair Labor Standards Act. Defendant violated the FLSA by paying Plaintiff and the FLSA Class Members pursuant to the (1) Overtime Miscalculation Policy that failed to fully incorporate commissions into Inspector's regular rate of pay to calculate overtime; and (2) Uncounted Overtime Policy that failed to pay Inspectors an overtime premium for all overtime hours worked.

21. Defendant paid Plaintiff and the Class Members, in whole or in part, on a commission basis, but failed to include the full amount of commission pay in the overtime rate paid to Inspectors for all overtime hours worked (Overtime Miscalculation Policy). As a result, Defendant failed to pay Plaintiff and the Class Members at the legally required rate of one-and-one-half times their regular rate of pay for all overtime hours worked.

22. Defendant also failed to count all overtime hours worked by Inspectors when Defendant paid Inspectors on a commission basis; As a result, Defendant underreported the overtime hours worked by Plaintiff and the Class Members (Uncounted Hours Policy).

23. Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed oilfield inspection service work. Plaintiff and the FLSA Class Members were also subjected to the same illegal pay provisions: The Uncounted Overtime and Overtime Miscalculation Policies that respectively failed to pay Inspectors (1) overtime for all

hours worked in excess of 40 per workweek, and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendant knew of the FLSA's overtime requirements, but chose not to pay Plaintiff or the FLSA Class Members overtime in compliance with the law. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the FLSA Class Members proper overtime compensation.

## VI. CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates all of the allegations previously made in this Complaint.

26. Plaintiff brings his class action on behalf of the Rule 23 Class Members.

27. The Rule 23 Class Members are so numerous that their joinder is impracticable. While the precise number of the Rule 23 Class Members, at least 50 Inspectors worked at least one workweek of more than 40 hours within the relevant statutory period in North Dakota within the past two years.

28. Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant violated applicable State Wage Law by failing to pay the Rule 23 Class Members overtime compensation for all hours worked in excess of forty in an individual workweek;

   b. Whether Defendant violated applicable State Wage Law by failing to incorporate commission pay to calculate overtime for the Rule 23 Class Members;

   c. The proper measure of damages sustained by Rule 23 Class Members;

   d. Whether Defendant should be enjoined for such violations in the future.

29. Plaintiff's claims are typical of those of the Rule 23 Class Members. He and the Rule 23 Class Members (1) perform oilfield inspection services; (2) worked over 40 hours in at

least one workweek in North Dakota over the last two years; (3) were not paid overtime for all overtime hours worked; and (4) were denied overtime at a lawful rate of one-and-one half times their regular rates of pay for all of their overtime work.

30.  Plaintiff will fairly and adequately protect the Rule 23 Class Members' interests and has retained counsel experienced in complex wage and hour class action litigation.

31.  This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

32.  This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

### VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARS ACT

33.  During the relevant time period, Defendant violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work

in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

### VIII.   COUNT 2: VIOLATION OF NORTH DAKOTA WAGE LAW

34.   Plaintiff and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.D. Admin. Code § 46-03-01-01. During the relevant time period, Defendant violated and continues to violate North Dakota Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the N Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Rule 23 Class Members are entitled to their unpaid wages, prejudgment interest, and all costs in bringing this action that are recoverable under North Dakota Law.

### IX.   RELIEF SOUGHT

35. WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, prays for relief against Defendant as follows in regards to their FLSA collective action claims:

   a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b.   For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c.   For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    d.    For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

36. WHEREFORE, Plaintiff, individually and on behalf of the applicable Rule 23 Class Members, prays for relief against Defendant as follows in regards to their class action complaint:

    a.    For an Order Certifying the ND Wage Law claim as a Class Action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under applicable ND Wage Law, and for designation of Plaintiff's counsel as class counsel;

    b.    For Judgment that Defendant violated relevant State Wage Law by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;

    c.    For an Order awarding Plaintiff and the Rule 23 Class Members all unpaid overtime compensations, prejudgment interest and all available penalty wages under applicable ND Wage Law;

    d.    For all costs incurred prosecuting this claim, as allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jack Siegel
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621*
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

**J. DEREK BRAZIEL**

*Co-Attorney in Charge*
Texas Bar No. 00793380*
**JAY FORESTER**
Texas Bar No. 24087532*
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com
**Admitted to Practice in this Court*
**ATTORNEYS FOR PLAINTIFF**